VAN WAGNER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. February 24, 1899.)

STREET RAILROADS—NEGLIGENCE—REVIEW.

Where, in an action against a street-railway company for injuries sustained, a preponderance of the evidence shows no negligence of defendant, plaintiff cannot recover.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by Martha Van Wagner against the Metropolitan Street-Railway Company to recover for injuries sustained while a passenger of defendant. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Henry A. Robinson, for appellant.

Mayer & Gilbert, for respondent.

MacLEAN, J. To support her complaint, the plaintiff testified that being a passenger in, and desiring to alight at the northerly crossing of Seventh avenue and Forty-Seventh street from, a car of the defendant, she signaled the conductor to bring the car to a stop, which he did; and then, while one of her feet was upon the step, and she was in the act of alighting, turning to take a child from a seat, the car was started suddenly, throwing her down, and doing her injury. The plaintiff was her own and sole witness. That the car had reached the northerly crossing of Forty-Seventh street, or had come to a standstill before the plaintiff left or attempted to leave it, was denied by the conductor and by three of her fellow passengers, apparently in no wise interested in the matter, each of the four testifying that she began to, and actually did, leave the car in the middle of Forty-Seventh street, and while it was still in motion. The driver of the car, who, as he said, did not see the occurrence, testified that, having stopped at the northerly crossing of Forty-Seventh street (his first stop above Forty-Fifth street), he looked back to see what was delaying his conductor, and saw him and the lady standing in the middle of Forty-Seventh street, between the north and south crossings. With such a preponderance of evidence against her, the plaintiff failed to sustain the burden of proof incumbent upon her.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event.

FREEDMAN, P. J., concurs. LEVENTRITT, J., taking no part.

---

LEFKOWITZ v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. February 24, 1899.)

STREET RAILROADS—COLLISION—CONTRIBUTORY NEGLIGENCE.

Where the driver of a wagon proceeding in the same direction with a street car suddenly turns to cross the track when the car is too near to avoid a collision, he is negligent.

Appeal from municipal court, borough of Manhattan, Third district.

Action by Fanny Lefkowitz against the Metropolitan Street-Railway Company. There was a judgment for plaintiff, and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN, J.

Henry A. Robinson, for appellant.

FREEDMAN, P. J. This action was brought to recover damages for the destruction of personal property occasioned by the alleged negligence of the defendant in permitting one of its cars to run into and overturn the plaintiff's wagon, loaded with mineral water, boxes, and bottles, in May, 1898. The driver of the plaintiff's wagon attempted to cross the tracks of the defendant near Third street, in New York City, and, while passing in front of a moving car, the wagon was struck and overturned, and, with its contents, destroyed. The testimony of the plaintiff's witnesses as to the facts and circumstances attending the occurrence does not conclusively establish the alleged negligence of the defendant, while the testimony of the motorman in charge of the car at the time of the accident, together with that of three other apparently disinterested witnesses, regarding the transaction, is very positive, and wholly uncontradicted, and is to the effect that while the wagon of plaintiff, just previous to the injury, had been proceeding northerly along the street in the same direction as the car, and apparently with the intention of continuing the same course, the driver of the wagon suddenly turned sharply to the west, in an evident attempt to cross in front of the car, and that at the time he so turned the wagon was so near the car that the utmost endeavor of the motorman could not stop the car, and a collision was the inevitable consequence. The close proximity of the car to the wagon at the time the driver turned to cross the street makes it very apparent that the plaintiff was not free from contributory negligence, and the preponderance of testimony is that there was no negligence on the part of the defendant.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

MacLEAN, J., concurs.